Geaham, Judge,
delivered the opinion of the court:
This suit grows out of a question as to the meaning of section 204 of the revenue act of 1918, 40 Stat. 1067. Paragraph (b) of the section provides:
“ If for any taxable year beginning after October 31, 1918, and ending prior to January 1, 1920, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount of such net loss shall under regulations prescribed by the commissioner with the approval of the Secretary be deducted from the net income of the taxpayer for the preceding taxable year; and the taxes imposed by this-title and by Title III for such preceding taxable year shall be redetermined accordingly. Any amount found to be due to the taxpayer upon the basis of such redetermination shall be credited or refunded to the taxpayer in accordance with the provisions of section 252. If such net loss is in excess of the net income *442 for such preceding taxable year, the amount of such excess shall under regulations prescribed by the commissioner with the approval of the Secretary be allowed as a deduction in computing the net income for the succeeding taxable year.”
The allowable deduction provided for in the foregoing paragraph must be “ a net loss,” and to ascertain the scope of these words it is necessary to refer to paragraph (a), which is as follows:
“ That as used in this section the term ‘ net loss ’ refers only to net losses resulting from either (1) the operation of any business regularly carried on by the taxpayer, or (2) the bona fide sale by the taxpayer of plant, buildings, machinery, equipment, or other facilities constructed, installed, or acquired by the taxpayer on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war; and when so resulting means the excess of the deductions allowed by law (excluding in the case of corporations amounts allowed as a deduction under paragraph (6) of subdivision (a) of section 234) over the sum .of the gross income plus any interest received free from taxation both under this title and under Title III.”
The facts present but one question, whether the loss for which the plaintiff claims a deduction was a net loss within the meaning of said paragraph (a). If the loss claimed as deductible was not a net loss within the meaning of that paragraph, the plaintiff is not entitled to recover; if it was, it is entitled to recover the sum of $46,901.10.
The plaintiff is a corporation organized under the laws of the State of Illinois on August 21, 1900. As stated in its charter, “ The object for which it is formed is mining and selling coal and other minerals and the manufacture of brick and tile.”
The plaintiff paid income and profit taxes in 1919 for the taxable year 1918. It suffered losses in the year 1919, due to the sale of all its coal mines, mining rights, mining equipment, and other property and property rights used in its business, including mine supplies and stores. No part of the foregoing property was “ acquired for the production of articles contributing to the prosecution of the war.”
The question presented is whether the loss on the sale of the property is to be taken as a “ net loss ” within the mean *443 ing of said paragraph (a), which entitles plaintiff to its benefit, i. e., a deduction of the loss sustained in 1919 from its net income for 1918.
-Paragraph (a) defines “net loss” as loss resulting from “ (1) the operation of any business regularly carried on by the taxpayer, or (2) the bona fide sale by the taxpayer of plant * * * constructed, installed, or acquired by the taxpayer on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war.”
The court has found, as stipulated by the parties, that no part of said property was acquired for the production of articles contributing to the prosecution of the war, which disposes of the claim of plaintiff to a deduction under (2) of paragraph (a).
The language of the statute is not ambiguous nor would it seem that its meaning can be properly said to be doubtful. It was the evident intention of Congress, where property had been acquired for the production of articles contributing to the prosecution of the war, to allow a deduction for loss growing out of the sale of such property. The necessary inference is that a deduction was not intended to be allowed for property not so acquired, as is the case of the property sold by plaintiff on which it is claiming a loss. Had Congress intended to allow deductions for loss sustained on the sale of all property, whether acquired for the production of articles to be used in the prosecution of the war or not, the act would have so stated.
We therefore come to consider (1) of paragraph (a). Without at present discussing the question whether a loss from a sale of his entire “ plant, buildings, machinery, equipment, or other facilities,” by a person is a loss resulting from the operation of his business “ regularly carried on,” it is plain from the language of paragraph (a), being, as it is, in the alternative, that a loss from the sale of a “ plant, buildings, machinery, equipment, or other facilities,” was not intended to be covered by the expression “ net loss * * * resulting from the operation of any business regularly carried on.” The fact that Congress did specially provide for a deduction on account of a loss by sale of a “ plant, build *444 ings, machinery, equipment, or other ¡facilities * * * acquired for the .production of articles contributing to the prosecution of the * * * war,” precludes the contention that the sale of a plant, buildings, machinery, and other equipment not so acquired is covered by the expression “ net loss.”
But, assuming that “ net loss ” can be held to cover the sale of a plant, buildings, machinery, equipment, or other facilities, it can only be reasonably held to include the sale of property acquired for the production of articles for the prosecution of the war, and the property involved here was not acquired, as stated, for any such purpose. This is sufficient to dispose of the question and to prevent recovery by the plaintiff.
If anything further were needed to sustain this conclusion, it is found in the language of (1) of paragraph (a), which is confined to net losses resulting from the “operation of any business regularly carried on.” It would at least be somewhat straining the regularly accepted meaning of this language to say that a loss resulting from the sale of all of its plant, buildings, machinery, equipment, or other facilities, which meant a suspension of business, was a loss sustained in the regular conduct of the business. It was a part in fact of an operation ending business, at least temporarily, and certainly as to this plant, etc. This, however, is strengthened by the provision of (2) of paragraph (a), which alternatively provides for a deduction growing out of the sale of a plant, etc., acquired for the production of articles for the prosecution of the war.
There is some discussion in the briefs as to the effect of section 204 of the revenue act of 1921, which reads as follows:
“(a) That as used in this section the term ‘net loss’ means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets used in the conduct of such trade or business).”
*445 This act is not to .control the construction of the act of 1918. The question before us is the meaning of the latter act. ' But the act of 1921 is really explanatory of the conclusion reached. It shows one of two things, either that' Congress had changed its purpose so as to include in net losses loss sustained from the sale of capital assets; that it found that under the act of 1918 such losses were not included in the language “ net losses,” in the operation of the business as regularly carried on, and it was to so include them that the change was made; or to allow a deduction for losses sustained in the sale of property, machinery, etc., even though such property was not acquired for the production of articles for the prosecution of the war.
The petition should be dismissed, and it is so ordered.
Hat, Judge; Downet, Judge; and Campbell, Chief Justice, concur.